JINA L. CHOI (New York State Bar No. 2699718)
   choij@sec.gov
STEVEN D. BUCHHOLZ (State Bar No. 202638)
   buchholzs@sec.gov
ELENA RO (State Bar No. 197308)
   roe@sec.gov
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501


JOSEPH G. SANSONE (NY State Bar No. 4043659)
Brookfield Place
200 Vesey Street, Suite 400
New York, New York  10281
Telephone:  (212) 336-1100

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>       v.<br><br>JOHN MCENERY III,<br><br>             Defendant. | Case No.  37/ex/262; 3/DNH<br><br>[PROPOSED] FINAL JUDGMENT AS TO<br>JOHN MCENERY III |

       The Securities and Exchange Commission having filed a Complaint and Defendant John

McEnery III having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Final Judgment without

admitting or denying the allegations of the Complaint (except as to jurisdiction and except as

otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C.

§ 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

(a)    purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person of such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b)    communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

i.   to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

ii.   to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other

persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

iii.   to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $32,482, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,919.25, and a civil penalty in the amount of $64,156 pursuant to Section 21A(a)(1)(A) of the Exchange Act [15 U.S.C. § 78u-1(a)(1)(A)], for a total of $101,557.25.  Defendant shall satisfy this obligation by paying $101,557.25 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; John McEnery III as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2015

_____
UNITED STATES DISTRICT JUDGE